No. 24-1809

IN THE

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JOHN JEROME PALCZUK; KAREN ELIZABETH PALCZUK,
*Plaintiffs/Appellees,*

– v. –

STEVEN CONWAY; LORI CONWAY,
*Defendants/Appellants,*

and

LORCON, LLC #1; LORCON, LLC #4
*Defendants.*

On Appeal from the United States District Court
for the Eastern District of North Carolina
(5:23-cv-00501-D-KS)
(19-00001-5-DMW)

## BRIEF OF APPELLANTS

Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Avenue, Suite 101
Wilmington, NC 28403
(910) 399-3458
Richard@CapeFearDebtRelief.com
*Counsel for Appellants*

# RULE 26.1 CORPORATE DISCLOSURE STATEMENT

Appellants Steven and Lori Conway are individuals. Appellants have no parent corporation, and no publicly held company owns a 10% or more interest in the Appellants.

This case arises out of a Chapter 11 bankruptcy proceeding, no trustee was appointed, there is no creditors' committee.

# TABLE OF CONTENTS

**Page**

CORPORATE DISCLOSURE STATEMENT ............................................. ii

TABLE OF AUTHORITIES .................................................................. iv

BASIS FOR APPELLATE JURISDICTION ............................................ 1

STATEMENT OF THE ISSUES PRESENTED ....................................... 2

STANDARD OF REVIEW .................................................................... 4

STATEMENT OF THE CASE ............................................................... 4

SUMMARY OF ARGUMENT ............................................................. 13

ARGUMENT ...................................................................................... 15

I.    Debts that fall within 11 U.S.C. § 523(a) are not subject to the
      discharge injunction of 11 U.S.C. § 524(a) .................................... 15

II.   The Conways' action under 11 U.S.C. § 523(a)(19) can be
      pursued post-discharge ................................................................ 20

      A.  A claim under 11 U.S.C. § 523(a)(19) has no temporal
          limitation .............................................................................. 20

      B.  Permission to assert a claim under 11 U.S.C. § 523(a)(19)
          is not necessary .................................................................... 27

CONCLUSION .................................................................................. 30

CERTIFICATES OF COMPLIANCE AND SERVICE ............................ 31

ADDENDUM A: 11 U.S.C. § 523(a)(19) .............................................. 1a

ADDENDUM B: 11 U.S.C. §§ 524(a)(1)-(2) ......................................... 2a

**Cases**                                                                                   **Page(s)**

Beckhart v. NewRez, LLC, 31 F.4th 274 (4th Cir. 2022) ...................... 12

Berry v. Pentecost (In re Pentecost),
    631 B.R. 481 (Bankr. N.D. Okla. 2021) ............................ 20, 22, 23

In re Bingham, 163 B.R. 769 (Bankr. N.D. Tex. 1994) ........................... 21

In re Diaz, 647 F.3d 1073 (11th Cir. 2011) ....................................... 13, 17

Grogan v. Garner, 498 U.S. 279 (1991) .................................................. 15

Hotchkiss v. Rodriguez (In re Rodriguez), No. 21-14112-mkn,
    Adv. Proc. 21-01228-mkn (Bankr. Nev. Aug 30, 2022) ............ 22, 24

Hulce v. Searle (In re Searle), No. 11-14419, Adv. Proc. No. 12-1045,
    (Bankr. N.D. Cal. Jul 16, 2012) ..................................................... 22

In re Hudson, 859 F.2d 1418 (9th Cir. 1988) ........................................ 26

In re Jenkins, 330 B.R. 625 (Bankr. E.D. Tenn. 2005) .......................... 27

In re Johnson, 960 F.2d 396 (4th Cir. 1992) ............................................ 4

Lakhany v. Khan (In re Lakhany),
    538 B.R. 555 (B.A.P. 9th Cir. 2015) .............................................. 17

In re Munoz, 287 B.R. 546 (B.A.P. 9th Cir. 2002) ................................. 19

Plys v. Ang (In re Ang), 589 B.R. 165 (Bankr. S.D. Cal. 2018) ............. 27

In re Sherman, 491 F.3d 948 (9th Cir. 2006) ........................................ 21

Sirikanjanachai v. Town of Hingham,
    628 B.R. 562 (B.A.P. 1st Cir. 2021) .............................................. 18

Stabler v. Beyers (In re Stabler),
418 B.R. 764 (B.A.P. 8th Cir. 2009) ................................................27

Taggart v. Lorenzen, 139 S. Ct. 1795 (2019) ...........................................12

In re Taylor, 388 B.R. 115 (Bankr. M.D. Pa. 2008) .................................27

United States v. Clayton, 465 B.R. 72 (M.D.N.C. 2011)........................22

Voss v. Pujdak (In re Pujdak), 462 B.R. 560 (Bankr. S.C. 2011) ...........25

In re Walker, 195 B.R. 187 (Bankr. N.H. 1996) ................................21, 28

Walker v. Sallie Mae Serv. Corp. (In re Walker),
427 B.R. 471 (B.A.P. 8th Cir. 2010) ................................................28

Whitehouse v. LaRoche, 277 F.3d 568 (1st Cir. 2002)............................28

**Statutes**

Bankruptcy Code

11 U.S.C. § 522(q)(1)(B) ....................................................7, 8
11 U.S.C. § 523(a)....................................................... *passim*
11 U.S.C. § 523(a)(1) ...................................................... 18, 19
11 U.S.C. § 523(a)(2) ...................................... 3, 20, 21, 24, 27
11 U.S.C. § 523(a)(3) ............................................................. 19
11 U.S.C. § 523(a)(4) ...................................... 3, 20, 21, 24, 27
11 U.S.C. § 523(a)(5) ...................................................... 18, 19
11 U.S.C. § 523(a)(6) ...................................... 3, 20, 21, 24, 27
11 U.S.C. § 523(a)(7) ............................................................. 19
11 U.S.C. § 523(a)(8) ............................................................. 19
11 U.S.C. § 523(a)(9) ...................................................... 19, 25, 26
11 U.S.C. § 523(a)(15) ........................................................... 18
11 U.S.C. § 523(a)(19) ................................................. *passim*
11 U.S.C. § 523(a)(19)(B) ........................ 14, 15, 20, 24, 25
11 U.S.C. § 523(c)....................................................... 3, 20, 21
11 U.S.C. § 523(c)(1)................................................................3

v

11 U.S.C. § 524(a)..................................................... 3, 6, 18
11 U.S.C. § 524(a)(1) .................................................. 13, 17
11 U.S.C. § 524(a)(2) .................................. 13, 17, 18, 19, 29
11 U.S.C. § 727 ............................................................... 16
11 U.S.C. § 944 ............................................................... 16
11 U.S.C. § 1141 ........................................................... 2, 16
11 U.S.C. § 1141(d)(2) ..................................................... 14
11 U.S.C. § 1141(d)(5) ....................................................... 7
11 U.S.C. § 1141(d)(5)(C) .................................................. 7
11 U.S.C. § 1192 ............................................................. 16
11 U.S.C. § 1228 ............................................................. 16
11 U.S.C. § 1328 ............................................................. 16
11 U.S.C. § 1328(a)(4) ................................................ 15, 16

18 U.S.C. § 3613(e) ......................................................... 16

28 U.S.C. § 157 ................................................................. 1

28 U.S.C. § 157(b)(2)(I) ..................................................... 1

28 U.S.C. § 158(a) ............................................................. 2

28 U.S.C. § 158(d)(1) ......................................................... 2

28 U.S.C. § 1291 ............................................................... 2

28 U.S.C. § 1334 ............................................................... 1

**Rules**

Fed. R. Bankr. P., Part VIII ............................................... 2

Fed. R. Bankr. P. 4007(b).................................... 3, 13, 19, 21

Fed. R. Bankr. P. 4007(c) ......................................... 3, 21

## Other Authorities

4 Collier on Bankruptcy ¶ 523-04 at 523-19 (16th ed.) ...........................24

Advisory Committee Note to Rule 4007(b) .............................................19

Bankruptcy Abuse Prevention and Consumer Protection Act of 2005,
Pub. L. No. 109-8, § 1404(a), 119 Stat. 23 (2005) ....................24, 25

S. Rep. No. 107-146 (2002) ......................................................................23

Sarbanes-Oxley Act of 2002, Pub. L. No. 107-24, 116 Stat. 745 ............19

Standing Order, "Referral of Bankruptcy Matters to Bankruptcy Judges,"
U.S. District Court for the Eastern District of North Carolina (August 3,
1984) ..............................................................................................1

## BASIS FOR APPELLATE JURISDICTION

Upon John and Karen Palczuk seeking to reopen their case under Chapter 11 of the Bankruptcy Code on November 8, 2018, [Joint Appendix p. 73], the bankruptcy court exercised jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order, "Referral of Bankruptcy Matters to Bankruptcy Judges," entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. John and Karen Palczuk filed Adversary Proceeding No. 19-00001-8-DMW on April 4, 2019 against Steven Conway, Lori Conway, Lorcon, LLC #1, and Lorcon, LLC #4. The Adversary Proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I).

This appeal is from a final order and judgment of the bankruptcy court. This appeal is taken from the: "Order Regarding Cross-Motions for Summary Judgment," entered in the bankruptcy court on September 25, 2020 [J.A. 322]; the Order [J.A. 356] and Judgment [J.A. 12] entered in the district court on July 14, 2022; and the Memorandum Opinion [J.A. 398] and Judgment [J.A. 396] entered on June 29, 2023 in the bankruptcy court. On July 11, 2023, the Conways timely filed a notice of appeal of the bankruptcy court's final order and judgment. [J.A. 406].

The United States District Court for the Eastern District of North Carolina exercised jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a) and Part VIII of the Federal Rules of Bankruptcy Procedure. On July 24, 2024, the district court entered an order [J.A. 414] and judgment [J.A. 423] affirming the bankruptcy court. On August 20, 2024, the Conways timely filed a Notice of Appeal of the district court's Order and Judgment [J.A. 424].

This appeal is from a final judgment and order of the district court and is properly before this Court under 28 U.S.C. §§ 158(d)(1), and 1291.

## STATEMENT OF THE ISSUES PRESENTED

Section 523(a)(19) of the Bankruptcy Code, in pertinent part, states:

(a) A discharge under section...1141...does not discharge an individual debtor from any debt—

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any

regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding…

11 U.S.C. § 523(a)(19).

Under the Bankruptcy Rules, "A complaint other than under §523(c)[1] may be filed at any time." Fed. R. Bankr. Pro. 4007(b).

The questions presented are:

1.      Whether entry of the discharge injunction under 11 U.S.C. § 524(a) prevents a creditor from determining liability of a non-dischargeable debt under 11 U.S.C. § 523(a)(19).

---

[1] Section 523(c)(1) only encompasses debts falling within 11 U.S.C. §§ 523(a)(2), (4), and (6). For these three types of debts, a non-dischargeability action must be filed by 60-days after the first date set for the meeting of creditors. Fed. R. Bankr. Pro. 4007(c). A claim under Section 523(a)(19) is not constrained by the deadline in Rule 4007(c).

2.     Whether a creditor asserting a claim under 11 U.S.C. § 523(a)(19) must obtain a judgment against a debtor prior to entry of that debtor's discharge to preserve the creditor's § 523(a)(19) claim.

## STANDARD OF REVIEW

This appeal is taken from a final judgment of the bankruptcy court following a bench trial. "Findings of fact by the bankruptcy court in proceedings within its full jurisdiction are reviewable only for clear error and legal questions are subject to *de novo* review." In re Johnson, 960 F.2d 396, 399 (4th Cir. 1992).

## STATEMENT OF THE CASE

### I.

This dispute arises from sales by the Palczuks of LLC membership interests to the Conways. John and Elizabeth Palczuk, along with Richard and Jennifer Heyl, were the founding members of John's Folly Ocean Villas, LLC ("JFOV"). JFOV was to invest in real estate and construct high-end luxury rental villas on John's Folly Beach in St. John, U.S. Virgin Islands. The business model was structured where the Palczuks and Heyls were the initial members of the LLC and then sold portions of their membership interests in the LLC to investors. [J.A. 247-

253]. Despite soliciting investors with sales of their LLC interests, neither the Heyls nor Palczuks were licensed or registered as an investment advisor, broker-dealer agent, or any other securities agent. The sale of the securities in JFOV were never registered, nor were they ever granted an exemption from registration.

For their investment, the investors were promised by Palczuk and Heyl large returns—"annual ROI should be approximately 40%"—for their investments. [J.A. 249]. This prospectus stated that construction costs of the first two of the four lots would be approximately $4.5 million and would be "financed with an interest only loan." [Id.].

In November of 2004, Appellants Steven and Lori Conway purchased two membership points (2%) in JFOV for $60,000. [J.A. 233-236]. The purchase agreement also provided a personal guarantee by Mr. Heyl and Mr. Palczuk of all invested monies in the event the Conways withdrew from JFOV between January 1, 2008 through May 31, 2008. [J.A. 233, 235]. Just three days prior to the expiration of this deadline, Heyl and Palczuk emailed the investors, including the Conways, to inform them that each 1% interest in JFOV was now worth approximately $80,000.00. [J.A. 258]. The Conways relied on this false

representation in deciding not to redeem their interests in JFOV. [Id.]. The Conways were also misled in that the estimate of $4.5 million to develop to the first two lots turned out to be $10.5 million—and they were never informed of this fact. [Id.]. In early 2008, the JFOV real property had liens of over $1 million placed against it by the builder and supplier of the project; these liens were also not disclosed to the Conways or other investors. [Id.].

During the ownership of JFOV, the Palczuks required the Conways to meet additional capital calls. By August of 2008, the Conways had invested some $144,000 in JFOV. [J.A. 258]. However, due to the undisclosed cost overruns, among other issues, JFOV failed. The Conways received nothing from their investment.

## II.

On August 31, 2009, Richard and Jennifer Heyl filed a petition under Chapter 7 of the Bankruptcy Code in the Eastern District of Missouri. The Conways were properly scheduled as creditors of the Heyls.[2] The Heyls ultimately received their Chapter 7 discharge.

---

[2] The docket report of the Heyl case is located at case no. 09–48593–705, Bankr. E.D. Missouri.

On May 25, 2011, the Palczuks filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. In the Chapter 11 schedules, the Conways were not properly listed as creditors as required, rather, only as co-debtors. [J.A. 112-118]. On January 5, 2012, the bankruptcy court confirmed the Palczuks' Chapter 11 Plan. [J.A. 163]. Under the terms of the confirmed plan, among other things, the Palczuks were to pay their unsecured creditors $150,000.00 over 10 years with payments each month of $1,250.00, plus the sales proceeds of certain real property. [J.A. 153-154]. They would receive their discharge before the completion of all payments under the plan when they sold and disbursed the proceeds of the real property. [J.A. 165].

On October 26, 2012, the Palczuks moved the bankruptcy court to enter their discharge as they had sold and disbursed the proceeds from the sale of their real property. [J.A. 171]. However, the motion did not contain an assertion, as required by § 1141(d)(5)(C)[3], that the debtors

---

[3] Section 1141(d)(5) states, in pertinent part:
(5) In a case in which the debtor is an individual—
        (C) the court may grant a discharge if, after notice and a hearing held not more than 10 days before the date of the entry of the order granting the discharge, the court finds that there is no reasonable cause to believe that—
        (i) section 522(q)(1) may be applicable to the debtor… 11 U.S.C. § 1141(d)(5). Section 522(q)(1)(B) states, in pertinent part:
(B) the debtor owes a debt arising from—

might owe any debts related to securities violations. [Id.]. The bankruptcy court entered the discharge order on November 29, 2012. [J.A. 179].

In 2014, with their discharge already in hand, the Palczuks defaulted and stopped making their $1,250.00 per month payment to their unsecured creditors nearly 8 years before these payments terminated under their confirmed plan. [J.A. 76, D.E. 235].

III.

On August 15, 2016, through a consent order, the Missouri Secretary of State permanently banned and enjoined Mr. Heyl from selling and offering unregistered securities and ordered him to pay restitution of $30,000.00 to Mr. Conway for securities violations. [J.A. 205-210]. Based on this order, on August 14, 2017, the Conways filed a civil action in the United States District Court for the Eastern District of Missouri against the Heyls and the Palczuks, seeking a determination that Defendants' investment in JFOV, LLC was a debt that arose from

---

(i) any violation of the Federal securities laws (as defined in section 3(a)(47) of the Securities Exchange Act of 1934), any State securities laws, or any regulation or order issued under Federal securities laws or State securities laws. 11 U.S.C. 522(q)(1)(B).

In other words, before entering an individual's chapter 11 discharge, the bankruptcy court must make findings that no debt for securities fraud is owed by the debtor.

violations of securities law and that the debt was non-dischargeable pursuant to § 523(a)(19). [J.A. 219].

The Missouri court dismissed the case as to the Palczuks due to a perceived lack of subject matter jurisdiction. The case against Heyl involving JFOV was transferred to the Missouri bankruptcy court where it was ultimately dismissed for failure to prosecute. The transactions and issues between the Conways, JFOV, Heyl and the Palczuks have never been adjudicated on the merits.

In 2018, the North Carolina Secretary of State instituted a criminal action against John and Karen Palczuk, based on the sale of the membership interests in JFOV to the Conways and others. [J.A. 284-290]. On July 30, 2018, the Palczuks pleaded guilty to a Class I felony sale of unregistered securities.[4] In exchange for their guilty plea, the Palczuks received a suspended sentence. [J.A. 296-308].

---

[4] In October 2019, the Missouri Secretary of State's Office sent an "Order to Cease and Desist and Order to Show Cause Why Restitution, Civil Penalties, and Costs Should Not be Imposed" to the Palczuks. [J.A. 40, D.E. 209-4], ("Show Cause Order"). In the Show Cause Order, the Missouri Secretary of State's Office found as fact, *inter alia*, the Palczuks misled the JFOV investors through not disclosing nearly $1 million in loans, not disclosing construction liens on the JFOV property of over $1.3 million, and misleading the JFOV investors as to the value of their JFOV interests. This was in addition to finding the Palczuks were not registered to offer or sell securities to Missouri investors. [Id.]. The Show Cause Order was ultimately dismissed by the Missouri Secretary of State.

Based on this conviction, on October 24, 2018, the Conways instituted a civil suit against the Palczuks in the North Carolina Business Court (the "North Carolina State Court Action") for violations of securities law, fraud relating to the sale of securities, and asking the court to determine the nondischargeability of their debt. [J.A. 256].

The Palczuks did not file an answer. Instead, they moved to reopen their bankruptcy proceeding and the North Carolina state court stayed its proceeding.

## IV.

On April 4, 2019, the Palczuks instituted an adversary proceeding with the bankruptcy court seeking a declaratory judgment that the causes of action in the state court complaint were discharged and for sanctions against the Conways for pursuing the litigation. [J.A. 187].

On October 30, 2019, the Conways answered the Complaint. [J.A. 309].

On September 25, 2020, the bankruptcy court entered its Order Regarding Cross-Motions for Summary Judgment. [J.A. 322]. The bankruptcy court determined that § 523(a)(19) requires the presence of a both "claim" and a "judgment" and that since the Conways had not yet

reduced their claim to a judgment at the time the Palczuks' discharge was entered back on November 29, 2012, then any debt owed by the Palczuks to the Conways was discharged upon the entry of the discharge order. [J.A. 338].

Having determined that any debt was discharged, the bankruptcy court had to determine if the Conways' actions were objectively reasonable when they asked the North Carolina state court to determine their claims for violations of securities law and dischargeability. The bankruptcy court found that the Conways' reasoning and understanding of the Bankruptcy Code and Rules was objectively unreasonable and they were held in civil contempt for violating the discharge order. The Conways were ordered to dismiss their state court proceeding. [J.A. 341]. The bankruptcy court held a further hearing on the issue of damages and entered a judgment in favor of the Palczuks against the Conways and ordered the Conways to pay $ 121,867.67 within 30 days. [J.A. 343-352].

The Conways filed a notice of appeal of the bankruptcy court's orders of summary judgment, imposition of sanctions, and final judgment. [J.A. 353]. That appeal ended with the district court upholding the finding that any debt was discharged, but also remanded the case

back to the bankruptcy court for reconsideration of sanctions under Taggart v. Lorenzen, 139 S. Ct. 1795 (2019), and Beckhart v. NewRez, LLC, 31 F.4th 274 (4th Cir. 2022). [J.A. 356].

Upon remand to the bankruptcy court[5], a bench trial was held in the bankruptcy court and on June 29, 2023 the court entered a judgment that awarded the Palczucks nothing on their claim for sanctions. [J.A. 396].[6]

On July 11, 2023, Appellants timely filed a notice of appeal to the district court of the bankruptcy court's order and judgment. [J.A. 406]. Like in its prior opinion, the district court again held that any claim of the Conways under § 523(a)(19) was discharged by them failing to have a judgment (or having filed any action against the Palczuks) prior to entry of the discharge in 2012. [J.A. 414].

---

[5] It should be noted that when the case was remanded to the bankruptcy court, Judge Stephani Humrickhouse who entered the initial order and judgment on appeal had since retired. The Honorable David Warren presided over this case upon remand.

[6] As for why no damages were awarded for these purported violations of the discharge injunction, the trial transcripts reflect the bankruptcy court repeatedly saying that it believed the Conways' claims under § 523(a)(19) were not actually discharged. However, under the doctrine of "law of the case," the bankruptcy court was bound by the prior district court appeal finding that the claims were discharged. [J.A. 374, 40:7-8].

On August 20, 2024, the Conways timely filed a notice of appeal to this Court appealing the district court's July 24, 2024 Order and Judgment. [J.A. 424]. This appeal followed.

## SUMMARY OF ARGUMENT

a.      A bankruptcy discharge operates to, *inter alia*, enjoin: the commencement or continuation of an action, the employment of process, and any acts to collect or recover a debt that was discharged. 11 U.S.C. § 524(a)(1)-(2). Conversely, a debt that was not discharged[7] is not subject to the discharge injunction. In re Diaz, 647 F.3d 1073, 1088 (11th Cir. 2011).

The Federal Rules of Bankruptcy Procedure reinforce that a non-discharged debt is not subject to being enjoined as a creditor can move at any time (even after entry of the discharge) to determine liability. Fed. R. Bankr. Pro. 4007(b). Moreover, appellate courts across the country have found that the discharge injunction does not operate to bar the initial determination of liability under § 523(a).[8]

_____

[7] Generally, a debt that is included in § 523(a) is not discharged. 11 U.S.C. 523(a) ("A discharge under…this title does not discharge an individual debtor from any debt—").

[8] As pointed out by the Appellees in their briefing before the district court, the only courts who have found that a complaint under § 523(a)(19) must be filed prior to entry of the discharge are the courts below in this case.

As a non-discharged debt is not subject to the discharge injunction, the creditor holding that debt can seek personal liability against a debtor post-discharge without running afoul of the bankruptcy discharge. To hold otherwise would prohibit non-discharged claims from assessing liability, or even attempting to collect against a debtor, despite not being eliminated in the bankruptcy case.

b.     Debts that fall within § 523(a)(19) are not subject to being discharged in an individual Chapter 11 case. <u>See</u>, 11 U.S.C. §§ 523(a), 1141(d)(2). Claims under § 523(a)(19) are unique in that they while they require a judgment to be found non-dischargeable, that judgment can be entered "before, on, or after the date on which the petition was filed." 11 U.S.C. § 523(a)(19)(B). This language in § 523(a)(19)(B) was intentionally added by Congress in 2005. Congress has used language similar to § 523(a)(19) in other § 523(a) statutes, and courts have near universally held in those cases that liability under § 523(a) does not need to be established prior to entry of the discharge for that claim to be excepted from the discharge injunction.

Under the plain language of § 523(a)(19), a judgment under this section could be entered even after entry of the discharge as there is no

temporal limitation on when such a judgment could be entered. As such a debt is not subject to discharge, an action to create that judgment under § 523(a)(19)(B) is not enjoined. The Conways were not required to obtain a judgment on their claims prior to entry of the Palczuks' Chapter 11 discharge as any debt they hold under § 523(a)(19) was never discharged. With their debt not being discharged, their actions in determining liability on that debt are not barred under the Bankruptcy Code.

## ARGUMENT

### I. Debts that fall within 11 U.S.C. § 523(a) are not subject to the discharge injunction of 11 U.S.C. § 524(a)

The honest but unfortunate bankruptcy debtor shall receive a discharge of their debts. <u>See</u> <u>e.g.</u>, <u>Grogan v. Garner</u>, 498 U.S. 279, 287 (1991). However, the "new beginning" the bankruptcy laws afford, is not "unencumbered." <u>Id</u>. at 287 ("The statutory provisions governing nondischargeability reflect a congressional decision to exclude from the general policy of discharge certain categories of debts—such … as liabilities for fraud. Congress evidently concluded that the creditors' interest in recovering full payment of debts in these categories outweighed the debtors' interest in a complete fresh start.").

Congress has made clear that certain debts are not to be discharged in a bankruptcy case. See e.g., 11 U.S.C. § 523(a) (certain debts of individuals are not discharged); 18 U.S.C. § 3613(e) (Federal criminal restitution is never discharged in a bankruptcy case).

As to how far the scope of the bankruptcy discharge spans, 11 U.S.C. § 524 sets forth the "Effect of discharge." This section includes the bankruptcy discharge injunction—11 U.S.C. § 524(a). It states, in pertinent part:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor *with respect to any debt discharged* under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset *any such debt* as a personal liability of the debtor…

11 U.S.C. § 524(a) (emphasis added).

Section 524(a), through its use of the language "with respect to any debt discharged," upholds the intent of Congress that only those debts

that are discharged; those are the debts to which the discharge injunction applies. Section 524(a)(1) specifically applies to "any debt discharged." The very next section, § 524(a)(2) incorporates § 524(a)(1) through referencing "any such debt." "Such debt" in § 524(a)(2) means a debt that was discharged. See, Lakhany v. Khan (In re Lakhany), 538 B.R. 555, 562 (B.A.P. 9th Cir. 2015) ("The antecedent of each 'such' in subparagraph (2) is unambiguously 'any debt discharged ...' in subparagraph (1).") (citation omitted). Thus, if the debt was not discharged—because it falls within an exception to discharge (here, § 523(a)(19))—it is not subject to the prohibitions of § 524(a)(2).

This holding—the provisions of § 524(a)(2) have no application to debts that were not discharged—has been upheld across the country. See e.g., In re Diaz, 647 F.3d 1073, 1088 (11th Cir. 2011) ("Significantly, the discharge injunction prohibits collection only with respect to dischargeable debts and does not apply to nondischargeable debts. As a result, once a discharge has been granted, holders of nondischargeable debts generally may attempt to collect from the debtor personally for such debts.") (citation and quotations omitted); In re Lakhany, 538 B.R. at 562 ("Nondischargeable debts are not subject to the discharge injunction.");

<u>Sirikanjanachai v. Town of Hingham</u>, 628 B.R. 562, 568-569 (B.A.P. 1st Cir. 2021) (collecting cases).

Section 524(a) cannot have any application against a debt that was not discharged. To hold otherwise would prevent creditors like the Internal Revenue Service from being able to assess and collect taxes for unfiled or fraudulent returns where the discharge was entered prior to assessment (thus frustrating § 523(a)(1)). Debts for late filed and fraudulent returns are clearly non-dischargeable, however, these debts are frequently assessed long after a bankruptcy discharge has been entered. Holding that § 524(a)(2), prevents the "act" to "collect" such taxes, would defeat the language of § 523(a) that makes such a debt non-dischargeable.

Additionally, if a couple has separated, but not yet filed suit for equitable distribution or support, then under the reasoning of the lower courts in this appeal, a judgment could not be entered to determine the liability for support (non-dischargeable under § 523(a)(5)), or equitable distribution (non-dischargeable under § 523(a)(15)), as doing so would run afoul the injunction of § 524(a)(2). The Bankruptcy Rules contemplate that liability for a debt that was not discharged will have to

be determined after entry of the discharge. This is in part why any party can file an action to determine dischargeability at any time—including after entry of the discharge. Fed. R. Bankr. Pro. 4007(b). See also, Advisory Committee Note to Rule 4007 (1983), ("Subdivision (b) does not contain a time limit for filing a complaint to determine the dischargeability of a type of debt listed as nondischargeable under § 523(a)(1), (3), (5), (7), (8), or (9). Jurisdiction over this issue on these debts is held concurrently by the bankruptcy court and any appropriate nonbankruptcy forum.").[9]

The courts below were incorrect in determining that the Conways were required to have obtained a judgment under § 523(a)(19) (or relief from the automatic stay for that matter) prior to entry of the Palczuk's discharge. Because the claims of the Conways fall within § 523(a)(19), the discharge injunction of § 524(a)(2) does not apply to any state court action seeking to hold the Palczuks to account for their fraud. Cf., In re Munoz, 287 B.R. 546, 556 (B.A.P. 9th Cir. 2002) ("the § 524(a)(2)

---

[9] It should be noted that § 523(a)(19) was not created until passage of the Sarbanes-Oxley Act of 2002, Pub. L. No. 107-24, 116 Stat. 745. Nevertheless, the current Rule 4007(b) encompasses § 523(a)(19) as the time limits of this rule only constrain claims under § 523(a)(2), (4), and (6).

discharge injunction does not protect a debtor from an action to determine the debtor's liability on a nondischargeable debt.").

## II. The Conways' action under 11 U.S.C. § 523(a)(19) can be pursued post-discharge

### A. A claim under 11 U.S.C. § 523(a)(19) has no temporal limitation

Looking to the text of § 523(a)(19), a judgment for securities fraud can be entered either: "before, on, or after the date on which the petition was filed." 11 U.S.C. § 523(a)(19)(B). The plain language of this statute does not limit entry of the judgment to before entry of a bankruptcy discharge. If Congress had wanted to limit judgments under § 523(a)(19) to being entered prior to a discharge, it would have included them in § 523(c). The lack of a deadline for obtaining a judgment means "victims of prepetition securities violations may take advantage of the breadth of § 523(a)(19)'s exception from discharge even if the debt is not adjudicated or resolved until after the debtor's bankruptcy." Berry v. Pentecost (In re Pentecost), 631 B.R. 481, 488 (Bankr. N.D. Okla. 2021).

The only debts within § 523(a) that must have a complaint filed prior to entry of the discharge (to survive the discharge) are those appearing in §§ 523(a)(2), (4), and (6). See, 11 U.S.C. § 523(c); see also,

Fed. R. Bankr. Pro. 4007(c) ("a complaint to determine the dischargeability of a debt under §523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors"). By implication, debts under § 523(a) that do not fall within § 523(c); a complaint to determine liability for those debts can be filed at any time in any appropriate forum. See, Fed. R. Bankr. Pro. 4007(b) ("A complaint other than under §523(c) may be filed at any time."); see also, In re Sherman, 491 F.3d 948, 975 n. 39 (9th Cir. 2006) (complaint under § 523(a)(19) can be filed at any time in a non-bankruptcy court; even *after* entry of the discharge order); In re Bingham, 163 B.R. 769, 771 (Bankr. N.D. Tex. 1994) ("If the debt is one arising under a sub-section other than (2), (4) or (6), however, a complaint to determine the dischargeability of that debt may be filed at any time, even after the case has been closed."); In re Walker, 195 B.R. 187, 195 (Bankr. N.H. 1996) ("Except for [debts under Section 523(c)], neither the Bankruptcy Code nor the Bankruptcy Rules require that either the debtor or the creditor raise the question of nondischargeability within any given time period nor do they require that those grounds be raised before the bankruptcy court at all…but if not raised they are left for resolution under the concurrent jurisdiction of

the state courts when and if litigation on the debt involved is commenced following the bankruptcy."); United States v. Clayton, 465 B.R. 72, 77 (M.D.N.C. 2011) ("unless the debtor or [creditor] elects to litigate the nondischargeability of a debt under § 523(a) [ ] in the bankruptcy court, the claim survives the bankruptcy, is unaffected by the discharge, and may be brought later in another court."); see also, Hotchkiss v. Rodriguez (In re Rodriguez), No. 21-14112-mkn, Adv. Proc. 21-01228-mkn (Bankr. Nev. Aug 30, 2022) ("a debt encompassed by Section 523(a)(19) is nondischargeable as a matter of law if there ever is a judgment or order entered - before or after bankruptcy - that is based on the debtor's violation or misconduct in connection with a federal or state securities law."); Cf., Hulce v. Searle (In re Searle), No. 11-14419, A.P. No. 12-1045, slip op. at 2 (Bankr. N.D. Cal. Jul 16, 2012) ("[The debtors] argue that there can be no nondischargeable debt under § 523(a)(19) because there is no judgment for securities violations. The law does not support this position. At most, the allegations under § 523(a)(19) are premature.").

While most published cases dealing with § 523(a)(19) involve pre-petition litigation, or relief from the stay to proceed with an action under § 523(a)(19), the Pentecost case, *supra*, is a published case where a

bankruptcy court has allowed claims under § 523(a)(19) to be asserted for the first-time post-discharge. Under the facts of <u>Pentecost</u>, the debtor filed a Chapter 7 case on April 16, 2020, and the discharge was entered on July 28, 2020. [10] The claims under § 523(a)(19) were not asserted in a lawsuit until an Adversary Proceeding was filed on August 14, 2020—after entry of the discharge order. A non-dischargeable judgment under § 523(a) was entered by the bankruptcy court on December 30, 2021 against the Chapter 7 debtor.

Moreover, the legislative history of § 523(a)(19) shows that Congress knew judgments for securities fraud would take a substantial amount of time before they were entered; likely not concluding before entry of a bankruptcy discharge. <u>Cf.</u>, S. Rep. No. 107-146, at 2 (2002) ("current law sets up a perverse incentive for victims to race into court, so as not to be barred by time, and immediately sue. Plaintiffs who wish to spend more time investigating the matter or trying to resolve the matter without litigation are punished under the current law…. it will take years for victims to put this complex case back together again.").

---

[10] The docket report of the <u>Pentecost</u> case is located at case no. 20-10651-R, Bankr. N.D. Okla.

These delays, likely occurring after a bankruptcy filing and discharge, are not an impediment to bringing such an action. If fact, Congress doubled down and made clear with amendments to § 523(a)(19) as part of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA"), Pub. L. No. 109-8, § 1404(a), 119 Stat. 23 (2005) (containing the present-day form of § 523(a)(19)) that a judgment under this section could be entered "before, on, or after" a bankruptcy filing.

The leading bankruptcy treatise also reflects that there is no date by which an action under § 523(a)(19) must be filed. <u>See</u>, *4 Collier on Bankruptcy* ¶ 523-04 at 523-19 (16th ed.) ("There are no specific time deadlines imposed by the Code or the Federal Rules of Bankruptcy Procedure for the determination of the dischargeability of a debt with respect to section 523(a) discharge exceptions *other than those* arising under subsections 523(a)(2), (4) and (6).") (emphasis in original). Indeed, the language of § 523(a)(19) does not include a time limit for when a judgment can be entered; only that a judgment be entered "before, on, or after" the date the bankruptcy case was filed. 11 U.S.C. § 523(a)(19)(B); <u>see</u> <u>also</u>, <u>In re Rodriguez</u>, Adv. Proc. 21-01228-mkn, slip op. at 6, n. 7 (Bankr. Nev. Aug 30, 2022) ("The 'before, on or after' language was added

to Section 523(a)(19) by amendment through the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. As a result of this amendment, as long as a judgment is entered against the debtor based on a pre-bankruptcy securities law violation, it is immaterial whether the judgment is entered before or after the bankruptcy proceeding is commenced."); and, Voss v. Pujdak (In re Pujdak), 462 B.R. 560, 574 (Bankr. S.C. 2011) ("The amending language [of Section 523(a)(19)(B)] furthered Congress' goal of punishing those who commit securities-related misdeeds by expanding the timeframe for the underlying judgment, settlement, order or decree to be entered.").

Interpretation of similar non-dischargeability statutes also shows that § 523(a)(19) claims can be adjudicated at any time. The prior version of § 523(a)(9) provided that debts "to any entity, to the extent that *such debt arises from a judgment* or consent decree entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated" where not discharged. 11 U.S.C. § 523(a)(9) (1984) (emphasis added). As noted by the Ninth Circuit Court of Appeals, "bankruptcy courts addressing this issue have, until this case, unanimously concluded

that the language of Sec. 523(a)(9) does not require that a claim be reduced to judgment or consent decree prior to the offender's bankruptcy." In re Hudson, 859 F.2d 1418, 1420 (9th Cir. 1988). As part of the reasoning for why the term "arises from a judgment" could apply to a post-bankruptcy adjudication the Ninth Circuit pointed out,

> If a prepetition judgment determining liability to have been incurred by the debtor under such circumstances, be required, the statute is practically useless. Only in cases of legal malpractice will prepetition judgments ever be entered. This Court will not presume Congress to have intended to sabotage its legislation and create such an absurdity.

Id. at 1421. Similar policy concerns prevail with § 523(a)(19) as with the old § 523(a)(9). Victims of tortfeasors should not be required to race to court before a bankruptcy is filed. Especially when, as in the case of a § 523(a)(19) securities fraud claim, the facts necessary to develop such a claim can take years.

Section 1328(a)(4) [11] also includes a requirement of a judgment to be entered before non-dischargeability can be determined. Despite this requirement, courts have routinely held that such a judgment does not

---

[11] 11 U.S.C. § 1328(a)(4) reads, debts "for restitution, or damages, awarded in a civil action against the debtor as a result of willful or malicious injury by the debtor that caused personal injury to an individual or the death of an individual" are not discharged in a Chapter 13 case.

have to be entered prior to a bankruptcy filing. See e.g., In re Taylor, 388 B.R. 115, 122 (Bankr. M.D. Pa. 2008) ("There is no reason to assume that Congress intended to differentiate between creditors who were able to obtain a judgment against a debtor before the bankruptcy filing and those that were stymied in their efforts to obtain redress for their injuries by the invocation of the automatic stay."); Plys v. Ang (In re Ang), 589 B.R. 165, 181 (Bankr. S.D. Cal. 2018) ("Since In re Taylor, every court to address the issue – including the 9th Circuit Bankruptcy Appellate Panel – has agreed that a post-petition award of restitution or damages satisfies § 1328(a)(4)'s requirements.").

## B. Permission to assert a claim under 11 U.S.C. § 523(a)(19) is not necessary

Contrary to the district court holding below, permission from the bankruptcy court is *not* needed to pursue an action under § 523(a)(19). See e.g., In re Jenkins, 330 B.R. 625, 631 (Bankr. E.D. Tenn. 2005) ("[A creditor] is not required to obtain permission from the bankruptcy court to file her complaint in the state court, which has concurrent jurisdiction over dischargeability issues."); Stabler v. Beyers (In re Stabler), 418 B.R. 764, 770 (B.A.P. 8th Cir. 2009) ("Aside from determinations of dischargeability under 11 U.S.C. § 523(a)(2), (4), or (6), state courts have

concurrent jurisdiction to determine the dischargeability of a debt."); Walker v. Sallie Mae Serv. Corp. (In re Walker), 427 B.R. 471, 478 n.16 (B.A.P. 8th Cir. 2010); see also, Walker, 195 B.R. at 203 ("the question of nondischargeability… will pass through the bankruptcy case unresolved, *i.e.*, the debt is only discharged upon a subsequent determination by either a state court or the bankruptcy court that the debt is not within the parameters of one of those exceptions to discharge."); and, Whitehouse v. LaRoche, 277 F.3d 568, 576 (1st Cir. 2002) ("at their option, creditors seeking a nondischargeability determination need not submit to the jurisdiction of the bankruptcy court, but instead may invoke the jurisdiction of any appropriate nonbankruptcy forum either before or after the bankruptcy proceeding has been closed.").

Judge Warren below agreed that the state court § 523(a)(19) action filed by the Conways was proper. He disagreed with the district court's holding in the prior appeal. Despite this disagreement, the bankruptcy court was bound by the law-of-the-case doctrine. See, [J.A. 374, 40:7-8]. This is precisely why Judge Warren did not award any sanctions for the Conways' purported violation of the discharge injunction. [J.A. 393, 281:19-24].

It would be a manifest injustice to bar the claims of the Conways when the discharge of the Palczuk's was obtained through dubious means.[12] The claims of the Conways have never been adjudicated, and the parties who defrauded them pled guilty of these same securities violations. Their claims under § 523(a)(19) passed through the bankruptcy case unaffected by the discharge order; they have the right to continue pursuit of those claims in the North Carolina state courts—without the need to seek permission from the bankruptcy court.

Because the Conways are asserting claims under § 523(a)(19), the discharge injunction of § 524(a)(2) has no application to the adjudication of those claims. The order and judgment of the bankruptcy and district court discharging the Conways' claims should be reversed.

---

[12] The exact language of the Bankruptcy Court when discussing the Palczuk's means of obtaining confirmation was, "the Court… found the [Palczuks'] testimony less than credible. In addition, the [Conways] presented shocking evidence that the [Palczuks'] Plan was confirmed based upon ballots accepting treatment for the class of unsecured creditors submitted by parties that had neither been scheduled as unsecured creditors nor filed timely proofs of allowed unsecured claims. The court is troubled by this revelation and strongly considered the Defendants' suggestion that it should set aside confirmation of the Plan and revoke the Plaintiffs' discharge." [J.A. 404].

This was in addition to Judge Warren stating in open court at the conclusion of the trial, "I found Ms. Palczuk to be less than credible, and Mr. Palczuk, as well. I didn't believe a whole lot of what they said." See, [J.A. 389, 270:1-3]; see also, "I think there's been a problem throughout the entire case with what's been done," [J.A. 389, 270:6-7], and "the Chapter 11 process relies on things being accurate… And I think we have something [here] that's very, very broken." [J.A. 389, 270:16-19].

## CONCLUSION

For these reasons, the Appellants respectfully request that the Order and Judgment of the district court be REVERSED and this case be REMANDED to the bankruptcy court so that the Conways can have their claims under § 523(a)(19) adjudicated.

Respectfully submitted, this the 18th day of February, 2025.

/s/ Richard P. Cook
Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
(910) 399-3458
Richard@CapeFearDebtRelief.com
*Counsel for Appellants*

## CERTIFICATE OF COMPLIANCE

I certify that the foregoing Brief complies with the type-volume limitation of Fed. R. App. P. Rule 32(a)(7)(B) because this brief contains 6,305 words, excluding the portions thereof exempted by Fed. R. App. P. 32(f); and,

I certify that the foregoing Brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Century Schoolbook.

## CERTIFICATE OF SERVICE

I certify that on February 18, 2025 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Kathleen O'Malley
Stevens Martin Vaughn & Tadych, PLLC
2225 W. Millbrook Road
Raleigh, NC 27612
(919) 582-2300
komalley@smvt.com
*Counsel for Appellees*

Patricia S. Connor, Clerk
U.S. Court of Appeals for the Fourth Circuit
1100 East Main Street, Suite 501
Richmond, Virginia 23219-3517

/s/ Richard P. Cook
Richard P. Cook
RICHARD P. COOK, PLLC
7036 Wrightsville Ave, Suite 101
Wilmington, NC 28403
*Counsel for Appellants*

---

**ADDENDUM A**

---

11 U.S.C. § 523(a)(19)

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(19) that—

(A) is for—

(i) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

---

**ADDENDUM B**

---

11 U.S.C. § 524(a)(1)-(2)

§ 524. Effect of discharge

(a) A discharge in a case under this title—

    (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1192, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

    (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived