# NO. 24-1809

In The

# United States Court Of Appeals
## For The Fourth Circuit

## JOHN JEROME PALCZUK;
## KAREN ELIZABETH PALCZUK,

*Plaintiffs – Appellees,*

v.

## STEVEN CONWAY; LORI CONWAY,

*Defendants – Appellants,*

and

## LORCON, LLC #1; LORCON, LLC #4

*Defendants*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
AT RALEIGH

_____

## BRIEF OF APPELLEES
_____

Kathleen O'Malley
William Janvier
STEVENS MARTIN VAUGHN
  & TADYCH, PLLC
2225 W. Millbrook Road
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695
komalley@smvt.com
wjanvier@smvt.com

*Counsel for Appellees*

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

**DISCLOSURE STATEMENT**

- In civil, agency, bankruptcy, and mandamus cases, a disclosure statement must be filed by **all** parties, with the following exceptions: (1) the United States is not required to file a disclosure statement; (2) an indigent party is not required to file a disclosure statement; and (3) a state or local government is not required to file a disclosure statement in pro se cases. (All parties to the action in the district court are considered parties to a mandamus case.)
- In criminal and post-conviction cases, a corporate defendant must file a disclosure statement.
- In criminal cases, the United States must file a disclosure statement if there was an organizational victim of the alleged criminal activity. (See question 7.)
- Any corporate amicus curiae must file a disclosure statement.
- Counsel has a continuing duty to update the disclosure statement.

No. __24-1809__    Caption: __Palczuk, et al. v. Conway, et al.__

Pursuant to FRAP 26.1 and Local Rule 26.1,

__John & Karen Palczuk__
(name of party/amicus)

_____

who is _____Appellees_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity? ☐ YES ☑ NO

2. Does party/amicus have any parent corporations? ☐ YES ☑ NO
   If yes, identify all parent corporations, including all generations of parent corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity? ☐ YES ☑ NO
   If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation?                    ☐YES ☑NO
      If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question)    ☐YES ☑NO
      If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?                    ☑YES ☐NO
      If yes, the debtor, the trustee, or the appellant (if neither the debtor nor the trustee is a party) must list (1) the members of any creditors' committee, (2) each debtor (if not in the caption), and (3) if a debtor is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of the debtor.

      There is no trustee or creditors' committee. This case arises out of a post-confirmation Ch. 11 case.

7.    Is this a criminal case in which there was an organizational victim?              ☐YES ☑NO
      If yes, the United States, absent good cause shown, must list (1) each organizational victim of the criminal activity and (2) if an organizational victim is a corporation, the parent corporation and any publicly held corporation that owns 10% or more of the stock of victim, to the extent that information can be obtained through due diligence.

Signature: /s/ Kathleen O'Malley                    Date:   September 10, 2024

Counsel for: Appellees

- 2 -

[Print to PDF for Filing]

## CERTIFICATE OF SERVICE

I certify that on September 10, 2024 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

Richard P. Cook (Via CM/ECF)
*Counsel for Appellants*

This the 10th day of September, 2024.

STEVENS MARTIN VAUGHN & TADYCH, PLLC

s/ Kathleen O'Malley
Kathleen O'Malley
State Bar No. 51654
2225 W. Millbrook Rd.
Raleigh, NC 27612
Tel.: (919) 582-2300
Email: komalley@smvt.com

# TABLE OF CONTENTS

Page

DISCLOSURE STATEMENT

TABLE OF AUTHORITIES ....................................................................ii

INTRODUCTION ................................................................................ 1

STATEMENT OF JURISDICTION ....................................................... 3

ISSUES PRESENTED ........................................................................ 6

STATEMENT OF THE CASE .............................................................. 7

SUMMARY OF ARGUMENT ............................................................. 18

STANDARD OF REVIEW.................................................................. 19

ARGUMENT .................................................................................... 20

    I.    The bankruptcy court correctly found that the Conways
        violated the Palczuks' discharge injunction. ........................ 20

        a. The plain language of § 523(a)(19) bars the Conway'
           claims ............................................................................ 21

        b. Congressional intent in enacting § 523(a)(19)
           supports the plain language interpretation limiting
           exceptions to discharge to debts evidenced by a
           judgment ........................................................................ 28

        c. Courts addressing a similar provision in the
           Bankruptcy Code requiring a judgment have delayed
           discharge when necessary to determine a claim which
           might be nondischargeable ............................................... 31

CONCLUSION ................................................................................. 34

STATEMENT REGARDING ORAL ARGUMENT ................................. 35

CERTIFICATE OF COMPLIANCE ......................................... 36

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*Bank of N.Y. Melon Trust Co., N.A. v. Tysons Fin., LLC,*
    483 Fed. Appx. 779 (2012)................................................................ 19

*Berry v. Pentecost  (In re Pentecost)*
    631 B.R. 481 (Bankr. N.D. Okla. 2021) ........................................ 24

*In re Chan,*
    355 B.R. 494 (Bankr. E.D. Penn. 2006) ........................................ 29

*In re Columbia Gas Transmission Corp.,*
    219 B.R. 716 (S.D. W.Va. 1998) ...................................................... 2

*Conway v. Heyl (In re Heyl),*
    464 B.R. 867 (Bankr. E.D. Mo. 2012)............................................. 8

*Conway v. Heyl,*
    590 B.R. 898 (B.A.P. 8th Cir. 2018) ........................................ 11, 12

*Conway v. Heyl,*
    No. 19-152 (8th Cir. Apr. 23, 2019)............................................... 12

*Conway v. Heyl (In re Heyl),*
    609 B.R. 194 (B.A.P. 8th Cir. 2019) ............................................. 12

*Conway v. Heyl (In re Heyl),*
    770 F.3d 729 (8th Cir. 2014) .......................................................... 9

*Conway v. Heyl,*
    No. 4:17-CV-2254-RLW, 2018 U.S. Dist. LEXIS 136133
    (E.D. Mo. Aug. 13, 2018) .............................................................. 12

*Conway v. Palczuk,*
    615 F.Supp.3d 387 (E.D.N.C. 2022)........................................ 16, 17

*Conway v. Palczuk*,
No. 20-CV-538-BO, 2021 U.S. Dist. LEXIS 12054
(E.D.N.C. Jan. 21, 2021) ................................................. 1, 4, 5, 15

*Corley v. United States*,
556 U.S. 303 (2009) ....................................................... 22

*In re Deutchman*,
192 F.3d 457 (4th Cir. 1999) .......................................... 19

*In re Fusco*,
632 B.R. 92 (Bankr. E.D.N.Y. 2021) .............................. 24

*In re Geredine*,
Adv. No. 20-4476, 2021 WL 4449228
(Bankr. E.D. Mich. Sept. 28, 2021) ............................... 23

*Grogan v. Garner*,
498 U.S. 279 (1991) ....................................................... 2

*Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*,
530 U.S. 1 (2000) ........................................................... 21

*In re Heyl Partners Station Plaza, LLC*,
Case No. AP-15-10 (Mo. Sec'y of State Apr. 23, 2015) ............. 10, 11

*In re Holzhueter*,
571 B.R. 812 (W.D. Wisc. 2017) .................................... 29

*In re Hudson*,
859 F.2d 1418 (9th Cir. 1988) ................................... 32, 33

*In re Jet Florida Systems, Inc.*,
883 F.2d 970 (11th Cir.1989) .......................................... 2

*John J. Palczuk and Karen Palczuk*,
Case No. AP-19-18 (Mo. Sec'y of State Feb. 13, 2020)................... 14

*In re Jones*,
80 B.R. 974 (W.D. Miss. 1987) ...................................... 32

*Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch),*
    258 F.3d 315 (4th Cir. 2001) ........................................................ 19

*Lamar, Archer & Cofrin, LLP v. Appling,*
    584 U.S. 709 (2018) ...................................................................... 21

*Lamie v. U.S. Trustee,*
    540 U.S. 526 (2004) ...................................................................... 21

*Marx v. Gen. Revenue Corp.,*
    568 U.S. 371 (2013) ................................................................ 21, 22

*N.C. v. Alford,*
    400 U.S. 25 (1970) ........................................................................ 13

*In re Pacific Atlantic Trading Co.,*
    33 F.3d 1064 (9th Cir.1994) ........................................................ 27

*Ransom v. FIA Card Services, N. A.,*
    562 U. S. 61 (2011) ...................................................................... 21

*In re Richard Heyl,*
    Case No. AP-16-27 (Mo. Sec'y of State Aug. 15, 2016) .................. 11

*In re Rountree,*
    478 F.3d 215 (4th Cir. 2007) ..................................................... 2, 22

*In re Stoecker,*
    179 F.3d 546 (7th Cir. 1999) ........................................................ 27

*In re Straup,*
    90 B.R. 481 (D. Utah 1988) .......................................................... 32

*In re Thoennes,*
    536 B.R. 680 (Bankr. D.S.C. 2015) ............................................ 2, 22

*Tripodi v. Welch,*
    810 F.3d 761 (10th Cir. 2016) ........................................ 23

*In re Weilein,*
    319 B.R. 175 (N.D. Iowa 2004) ..................................... 32

**Statutes**

11 U.S.C. § 101(12) ...................................................... 2, 18

11 U.S.C. § 101(52) ......................................................... 23

11 U.S.C. § 522(q)(1) ...................................................... 10

11 U.S.C. § 523 .............................................................. 22

11 U.S.C. § 523(a) ....................................................... 3, 26

11 U.S.C. §§ 523(a)(1)-(10) ........................................ 3, 26

11 U.S.C. § 523(a)(2) ........................................................ 8

11 U.S.C. § 523(a)(5) ................................................... 3, 26

11 U.S.C. §  523(a)(7) ..................................................... 26

11 U.S.C. § 523(a)(9) ................................... 31, 32, 33, 34

11 U.S.C. § 523(a)(19) ............................................. *passim*

11 U.S.C. § 523(a)(19)(A) ............................................. 26

11 U.S.C. § 523(a)(19)(B) ........................................... 3, 28

11 U.S.C. § 524 .................................................... 23, 25, 26

11 U.S.C. § 524(a)(2) ..................................................... 22

11 U.S.C. § 1141 ..................................... 18, 22, 23, 25

11 U.S.C. § 1141(d) ....................................................... 10

11 U.S.C. § 1141(d)(2) ............................................................ 22

11 U.S.C. § 1141(d)(5) ............................................................ 22

11 U.S.C. § 1141(d)(5)(C) ....................................................... 10

11 U.S.C. § 1328(a)(4) ............................................................ 33

28 U.S.C. § 157 ........................................................................ 4

28 U.S.C. § 158(a)(1) ........................................................... 5, 6

28 U.S.C. § 158(d)(1) ............................................................... 6

28 U.S.C. §1334(b) ................................................................... 4

28 U.S.C. § 2075 .................................................................... 27

Corporate and Criminal Fraud Accountability Act of 2002 ................... 29

N.C. Gen. Stat. §§ 78A-1 et. seq. ............................................ 14

N.C. Gen. Stat. § 78A-56 ....................................................... 14

Sarbanes-Oxley Act ......................................................... 29, 30

Securities Exchange Act of 1934 section 3(a)(47) ................... 22

**Other Authorities**

148 Cong. Rec. S17418-01 (daily ed. July 26, 2002) ............... 30

148 Cong. Rec. S1783-01 (daily ed. Mar. 12, 2002) ............... 30

Fed. R. Bankr. P. 4007 ........................................................... 27

H.R. Rep. 109-31, pt. 1 (2002) .............................................. 28

In re Richard Heyl, Case No. AP-16-27
    (Mo. Sec'y of State Aug. 15, 2016),
    https://www.sos.mo.gov/CMSImages/
    Securities/orders/AP-16-27.pdf ................................................................. 11

In re Heyl Partners Station Plaza, LLC, Case No. AP-15-10
    (Mo. Sec'y of State Apr. 23, 2015),
    https://www.sos.mo.gov/cmsimages/
    securities/orders/AP-15-10.pdf ........................................................... 10, 11

John J. Palczuk and Karen Palczuk, Case No. AP-19-18
    (Mo. Sec'y of State February 13, 2020),
    https://www.sos.mo.gov/CMSImages/Securities/AP-19-
    18OD.pdf ....................................................................................... 14

Prof. G. Ray Warner, Accounting Reform Law Adds Broad
    Securities Fraud Discharge Exception, 21–SEP Am.
    Bankr. Inst. J. 6, 44 (2002) ..................................................... 32, 33

## INTRODUCTION

This appeal is another chapter in the Conways' over a decade-long crusade against the Palczuks and their former business partners for loss of $144,000 invested in a real estate venture which failed. Both the Palczuks and their former partners, the Heyls, filed bankruptcy after the venture failed. The Conways, both individually and through their companies, have spent more than ten years pursuing the Heyls in Missouri and then the Palczuks in Missouri and North Carolina trying to recover their lost investment. In this case alone, this is the Conways' third appeal, the second to make it to briefing,[1] and the first to make it to this Court. The bankruptcy and district courts below correctly held that the Palczuks discharged any debt owed to the Conways and that the Conways violated the Palczuks' discharge injunction when they tried to sue the Palczuks in 2018 in North Carolina state court, alleging nine separate causes of action.

The Conways do not have, and have never had, a judgment, order, or decree which resulted in a debt from the Palczuks to The Conways.

---

[1] The first appeal was dismissed as interlocutory. *Conway v. Palczuk*, No. 20-CV-538-BO, 2021 U.S. Dist. LEXIS 12054 (E.D.N.C. Jan. 21, 2021).

Despite the Palczuks obtaining a discharge in 2012, over a decade ago, and despite the Conways having notice of the Palczuks' bankruptcy case and choosing not to take any action to assert their claims, the Conways want to try to obtain a judgment for personal liability now. The Bankruptcy Code does not allow them to do so.

A central purpose of the Bankruptcy Code is to give debtors a "fresh start." *Grogan v. Garner*, 498 U.S. 279, 286 (1991)). This is accomplished through a general discharge of the debtor's debts. *See In re Columbia Gas Transmission Corp.*, 219 B.R. 716, 720 (S.D. W.Va. 1998) ("A bankruptcy discharge and the concomitant injunction against subsequent actions are designed to give the debtor a financial 'fresh start.' " (quoting *In re Jet Florida Systems, Inc.*, 883 F.2d 970, 972 (11th Cir.1989)). However, Congress has provided that certain debts are excepted from the general discharge. *See In re Rountree*, 478 F.3d 215, 219 (4th Cir. 2007). In order to preserve the "fresh start" purpose of bankruptcy, the statutory exceptions to the discharge of a debtor's debts are construed narrowly. *Id.*; s*ee also In re Thoennes*, 536 B.R. 680, 694 (Bankr. D.S.C. 2015).

A "debt" is defined in the Bankruptcy Code as "liability on a claim." 11 U.S.C. § 101(12). Thus, when a "debt" is excepted from discharge, the

debtor's personal liability on a creditor's claim is not extinguished by the general discharge. Most of the exceptions to discharge in 11 U.S.C. § 523(a) are debts, with no requirement for judgment or other consensual decree to be excepted from discharge. *See, e.g.,* §§ 523(a)(1)-(10). Thus, for instance, liability on a claim for a domestic support obligation is not extinguished by the discharge. *See* § 523(a)(5).

Section 523(a)(19) is different, however, in that it requires a judgment, order, consent order, decree, or settlement agreement, to be obtained in order for a debt for securities law violations to be excepted from discharge. § 523(a)(19)(B). Without such a judgment or order, liability on a creditor's claim for securities law violations *is* discharged, because it does not fit the criteria to be excepted. Any liability the Palczuks may have had on a claim for securities law violations was discharged in 2012, because the Conways did not have the judgment necessary to except the alleged debt from discharge and did not take any action to preserve their rights to seek one.

## STATEMENT OF JURISDICTION

This case arises from appeals of a final judgment in an adversary proceeding in a bankruptcy case filed by John and Karen Palczuk,

individual debtors in the underlying Chapter 11 proceeding, against Steve Conway, Lori Conway, Lorcon, #1 LLC, and Lorcon #4, LLC.[2]

The United States Bankruptcy Court for the Eastern District of North Carolina had subject matter jurisdiction over the adversary proceeding underlying this appeal pursuant to 28 U.S.C. §§ 157 and 1334(b). The Palczuks filed a complaint on April 4, 2019, asserting claims for a declaratory judgment that any debt to the Conways was discharged pursuant to the Title 11 of the United States Code (the "Bankruptcy Code"), and for sanctions for violation of the discharge inunction. [J.A. 187]. On October 30, 2019, the Conways filed their answer. [J.A. 309]. The bankruptcy court entered an order on cross-motions for summary judgment on September 25, 2020, granting the Palczuks motion and finding that any debt to the Conways was discharged and that the Conways were liable for violating the discharge injunction, but the bankruptcy court did not determine damages. [J.A. 322]. This order was appealed by the Conways, but the appeal was dismissed, because it was interlocutory and the district court lacked jurisdiction. *Conway v.*

_____

[2] Lorcon, #1 LLC and Lorcon, #4, LLC were dismissed from this appeal. [J.A. 414].

*Palczuk*, No. 5:20-CV-538-BO, 2021 U.S. Dist. LEXIS 12054 (E.D.N.C. Jan. 21, 2021).

The bankruptcy court subsequently entered its final order and judgment on August 5, 2021, awarding sanctions against the Conways and the other defendants. [J.A. 343]. The Conways appealed. [J.A. 353]. The United States District Court for the Eastern District of North Carolina properly exercised jurisdiction over the final judgment of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). On appeal, the district court affirmed the bankruptcy court's findings on summary judgment, but remanded as to the issue of sanctions based on intervening case law. [J.A. 356]. On remand, a trial was conducted solely on the issue of sanctions for violation of the discharge injunction. [J.A. 398]. On June 29, 2023, the bankruptcy court entered a final order and judgment on remand denying sanctions against the Conways. [J.A. 396, J.A. 398].

On July 11, 2023, the Conways filed a *pro se* motion to extend time in the district court [J.A. 406], which was construed by the district court as a timely notice of appeal. The Conways filed an amended notice of appeal on October 13, 2023. [J.A. 411].

Again, the United Stated District Court for the Eastern District of North Carolina properly exercised jurisdiction over the final judgment of the bankruptcy court pursuant to 28 U.S.C. § 158(a)(1). On appeal, based on the doctrine of the law of the case, the district court again affirmed the findings of the bankruptcy court set forth in the prior appeal by opinion filed July 24, 2024. [J.A. 417-422]. The Conways timely appealed by notice of appeal filed August 20, 2024. [J.A. 424].

This Court has jurisdiction over this appeal from the final decision of the district court pursuant to 28 U.S.C. § 158(d)(1).

## ISSUES PRESENTED

The issue presented in this appeal is:

1. Whether a purported creditor may sue a bankruptcy debtor to obtain a judgment for personal liability on a claim after the debtor's discharge injunction has been entered despite the plain language of 11 U.S.C. § 523(a)(19) which:

    (1) requires a "judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding" for the exception to discharge to apply, and

    (2) makes no provision to allow a suit for the judgment post-discharge?

# STATEMENT OF THE CASE

Appellees John and Karen Palczuk offer this statement of the case to give this Court a more complete picture of the history of litigation involving the parties. The only issue(s) raised on appeal were determined by the bankruptcy court on summary judgment, and the factual findings of the bankruptcy court have not been challenged on appeal.

Mr. and Mrs. Palczuk formed JFOV, LLC in 2004 with Richard and Jennifer Heyl in order to invest in real estate on John's Folly beach in the U.S. Virgin Islands. [J.A. 325]. Between 2004 and 2007, the Conways and/or their companies purchased shares in JFOV, LLC, by way of assignment of ownership interests from one of the Heyls. [J.A. 402]. The Conways invested in JFOV, LLC in 2004 [J.A. 325], and subsequently transferred title on these membership interests to Lorcon, #1 LLC. [J.A. 203]; April 19, 2023 Tr. [DE 37] p. 117. In 2007, The Conways had invested in a separate company owned by Richard Heyl, Heyl Partners Station Plaza. [J.A. 325]. The Conways then transferred the interest in Heyl Partners Station Plaza to JFOV, LLC, in 2007 by an assignment of an additional interest in JFOV, LLC, to Lorcon, #1 LLC. [J.A. 325], April 19, 2023 Tr. [DE 37] p. 112. As of 2007, the Conways did not individually

own any membership interests in JFOV, LLC—the membership interests purchased by the Conways were owned by Lorcon, #1 LLC. April 19, 2023 Tr. [DE 37] p. 117. Subsequently, JFOV, LLC, failed. [J.A. 325].

Richard and Jennifer Heyl, the Palczuks' former business partners, filed for Chapter 7 bankruptcy protection on August 31, 2009 in the United States Bankruptcy Court for the Eastern District of Missouri. [J.A. 325]. On August 27, 2010, Defendant Steven Conway and Lorcon, LLC # 1 filed an adversary proceeding against the Heyls seeking to declare part of the debt for their investment in JFOV, LLC, nondischargeable under 11 U.S.C. § 523(a)(2). *Conway v. Heyl (In re Heyl)*, 464 B.R. 867 (Bankr. E.D. Mo. 2012); [J.A. 325]. The United States Bankruptcy Court for the Eastern District of Missouri held a trial and entered judgment for the Heyls on February 13, 2012, finding that Defendant Steven Conway did not prove that any loss he suffered was the result of misrepresentations made by Richard Heyl. *Id*. at 873; [J.A. 325]. The Conways were unable to reverse this judgment despite a motion for relief from the judgment, which was denied, and appeal of that denial to the Eighth Circuit BAP and the Eighth Circuit Court of Appeals, which both affirmed the denial of the motion for relief.

*Conway v. Heyl (In re Heyl)*, 770 F.3d 729, 730 (8th Cir. 2014) (per curiam), [J.A. 325].

The Palczuks filed a voluntary joint petition for relief under Chapter 11 of the United States Bankruptcy Code on May 25, 2011. [J.A. 323]. The Conways were listed as codebtors on the Palczuks' Schedule H to their bankruptcy petition. [J.A. 323]. The Conways were included on the mailing matrix for the bankruptcy case. [J.A. 323]. The Conways received notice of the bankruptcy filing, the deadlines to file a proof of claim and object to discharge. [J.A. 140-146, J.A. 399]. The Conways did not file a proof of claim in the bankruptcy case on behalf of themselves, Lorcon, LLC #1, or Lorcon, LLC #4. [J.A. 323, J.A. 399-400]. The Palczuks filed their proposed Chapter 11 Plan and Disclosure Statement on September 22, 2011. [J.A. 323]. The Conways received notice of the filing of the proposed plan and disclosure statement, along with the bankruptcy court's order setting the deadlines to vote and object to confirmation. [J.A. 159-162]. The Conways did not vote to reject or object to confirmation of the Palczuks' plan. [J.A. 323, J.A. 400]. On January 5, 2012, the court confirmed the Palczuks' joint Chapter 11 Plan. [J.A. 323]. The Chapter 11 Plan contained a release of all causes of action against the Debtors.

[J.A. 323]. The Conways received notice of the confirmation of the Palczuks' Chapter 11 Plan. [J.A. 167-170]. The Conways did not appeal confirmation of the Palczuks' Chapter 11 Plan. On November 29, 2012, this court entered a discharge of the Palczuks under 11 U.S.C. 1141(d).[3] [J.A. 323]. The Conways received notice of the discharge. [J.A. 181-186]. The Conways did not object to the Palczuks' discharge. [J.A. 399-400].

In continued attempts to recover the investment in JFOV, LLC, the Conways[4] filed seven complaints and reopened a closed complaint, five of which named the Palczuks, with Secretaries of State or in various courts after the Palczuks received their discharge:

1.    A 2012 complaint leading to an action by the Missouri Secretary of State against Richard Heyl. This investigation resulted in an April 23, 2015, consent order under which no admission of liability was made and no restitution was ordered. *In re Heyl Partners Station*

---

[3] The Conways state in their brief that the Palczuks' failed to make a positive assertion in their motion for entry of a discharge that 11 U.S.C. § 522(q)(1) was not applicable to them. There is no basis in the language of § 1141(d)(5)(C) for a requirement of a debtor to make such an assertion in its motion. Section 1141(d)(5)(C) sets forth a requirement that the bankruptcy court should make a finding that there is no reasonable cause to believe that § 522(q)(1) applies.

[4] Some of these complaints were filed in conjunction with the LLCs the Conways control: Lorcon, #1 LLC and Lorcon, #4 LLC.

*Plaza, LLC*, Case No. AP-15-10 (Mo. Sec'y of State Apr. 23, 2015), https://www.sos.mo.gov/cmsimages/securities/orders/AP-15-10.pdf;

2.　An October 2015 complaint with the Missouri Secretary of State against JFOV, LLC, which names the Palczuks and Rick and Jennifer Heyl, leading to a second action by the Missouri Secretary of State against Richard Heyl. This investigation resulted in an August 1, 2016, consent order under which the Richard Heyl admitted to selling unregistered securities and agreed to pay $30,000 in restitution to the Missouri Secretary of State's Investor Restitution Fund (which was in turn paid to Defendant Steven Conway). [J.A. 205]; *In re Richard Heyl*, Case No. AP-16-27 (Mo. Sec'y of State Aug. 15, 2016), https://www.sos.mo.gov/CMSImages/Securities/orders/AP-16-27.pdf;

3.　Adversary proceeding no. 15-04202 in the United States Bankruptcy Court for the Eastern District of Missouri against Richard Heyl and Heyl Partners Station Plaza seeking to declare the debt for Lorcon, LLC #1's investment in JFOV, LLC, which was transferred from Heyl Partners Station Plaza, nondischargeable under 11 U.S.C. § 523(a)(19). This adversary proceeding was dismissed, and the dismissal was affirmed on appeal by the Eighth Circuit BAP. *Conway v. Heyl*, 590

B.R. 898 (B.A.P. 8th Cir. 2018), *appeal dismissed as untimely*, No. 19-152 (8th Cir. Apr. 23, 2019);

4.  A November 29, 2016, complaint with the Missouri Secretary of State against the Palczuks. April 19, 2023 Tr. [DE 37] p. 154; Appellees' R. Vol. III [DE 28-3] p 1;

5.  Case no. 4:17-cv-02254-RLW in the United States District Court for the Eastern District of Missouri (the "Missouri Action") against the Heyls and the Palczuks, seeking to declare a debt to The Conways for the investment in JFOV, LLC, nondischargeable under § 523(a)(19). *Conway v. Heyl*, No. 4:17-CV-2254-RLW, 2018 U.S. Dist. LEXIS 136133, at *2 (E.D. Mo. Aug. 13, 2018), [J.A. 326]. This case was referred to the bankruptcy court, *Heyl*, No. 4:17-CV-2254-RLW, 2018 U.S. Dist. LEXIS 136133 at *6, and subsequently dismissed. *See Conway v. Heyl (In re Heyl)*, 609 B.R. 194, 196-97 (B.A.P. 8th Cir. 2019); [J.A. 326-327]. The Conways failed to timely appeal, and the bankruptcy courts' denial of an extension of time to appeal was upheld by the Eighth Circuit Bankruptcy Appellate Panel, *Conway v. Heyl*, 609 B.R. 194; [J.A. 327];

6.  A 2017 complaint to the North Carolina Secretary of State against the Palczuks to try to get restitution. [J.A. 327]. This complaint

led to an action by the North Carolina Secretary of State against John and Karen Palczuk, which resulted in the Palczuks taking an Alford plea[5] to the charge of unregistered sale of securities with no order for restitution. [J.A. 293, J.A. 301, J.A. 327-28];

7. Guilford County, North Carolina Superior Court case no. 18 CVS 8687 (the "Guilford County Lawsuit") against John and Karen Palczuk, with the following claims for relief:

a. Count I: Breach of Fiduciary Duty based on alleged duties of the Palczuks to the The Conways as members of JFOV, LLC

b. Count II: Breach of Duty of Loyalty and Care under Virgin Islands law for allegedly failing to account to members of JFOV, LLC accurately and allegedly taking a commission without member approval

c. Count III: Constructive Fraud for alleged improper actions taken as managers of JFOV, LLC

---

[5] The Conways state in their brief that the Palczuks pleaded guilty. This statement is somewhat misleading, because both Mr. and Mrs. Palczuk took Alford pleas, admitting no guilt. [J.A. 293, J.A. 301, J.A. 327-328]; *see N.C. v. Alford*, 400 U.S. 25 (1970).

d. Count IV: Fraudulent Concealment in connection with the financing and management of JFOV, LLC

e. Count V: Nondischargeability of Debt pursuant to § 523(a)(19), alleging that return of the Conways' investment is a nondischargeable debt because of the Alford plea

f. Count VI: Nondischargeability of Debt pursuant to § 523(a)(19), alleging that that return of the Conways' investment is a nondischargeable debt because of misrepresentations made by the Palczuks in connection with the sale or pursuant to N.C. Gen. Stat. § 78A-56

g. Count VII: Violations of N.C. Gen. Stat. §§ 78A-1 et. seq.

h. Count VIII: Negligent Misrepresentation for allegedly failing to accurately report to members

i. Count IX: Equitable Estoppel

[J.A. 256, J.A. 328];

8. Re-opening of the Missouri Secretary of State's investigation into the Palczuks, which was subsequently dismissed. *John J. Palczuk and Karen Palczuk*, Case No. AP-19-18 (Mo. Sec'y of State Feb. 13, 2020), https://www.sos.mo.gov/CMSImages/Securities/AP-19-18OD.pdf.

The Palczuks re-opened their bankruptcy case on February 5, 2019, to file the underlying adversary proceeding in this case requesting a determination that any debts to the Conways were discharged and further requesting sanctions for violation of the discharge injunction. [J.A. 324, J.A. 328]. The Palczuks filed the complaint on April 4, 2019. [J.A. 324, J.A. 329].

On February 13, 2020, the Palczuks filed a motion for summary judgment seeking judgment that any debts to Defendant had been discharged and that the Conways were liable for violating the discharge injunction. [J.A. 322]. The Conways filed a cross-motion for summary judgment on March 5, 2020. [J.A. 322]. By order entered September 25, 2020, the bankruptcy court granted summary judgment for the Palczuks and denied the Conways' motion, finding that the Conways were not owed a nondischargeable debt and that the Conways violated the Palczuks' discharge injunction. [J.A. 322]. The order did not determine damages. The Conways appealed this order, and the appeal was dismissed as interlocutory. *Conway v. Palczuk*, No. 5:20-CV-538-BO, 2021 U.S. Dist. LEXIS 12054 (E.D.N.C. Jan. 21, 2021).

Subsequently, at the request of the bankruptcy court and with the parties' consent, the parties made evidentiary filings supporting their arguments regarding damages and sanctions. [J.A. 343-344]. On August 5, 2021, the bankruptcy court entered its order awarding the Palczuks the amount of $121,867.67 in sanctions, representing legal fees incurred in defending the 2017 Missouri District Court lawsuit, the Guilford County Lawsuit, and the 2019 re-opened investigation by the Missouri Secretary of State initiated by Defendant Steven Conway. [J.A. 343]. The bankruptcy court entered final judgment against the Conways on the same date. *See* [J.A. 356].

The Conways appealed the judgment on August 16, 2021. [J.A. 353]. On appeal, the district court upheld the bankruptcy court's finding that the Conways violated the Palczuk's discharge injunction, but reversed and remanded on the issue of sanctions due to intervening case law from this Court. [J.A. 356]; *Conway v. Palczuk*, 615 F.Supp.3d 387, 394 (E.D.N.C. 2022) (hereinafter the "2022 Appeal").

On remand, the bankruptcy court held a new trial on the issue of sanctions. [J.A. 399]. Following the trial, on June 29, 2023, the bankruptcy court entered an opinion and judgment denying sanctions. [J.A. 396, J.A. 398].

The Conways, Lorcon, #1 LLC, and Lorcon, #4 LLC filed a motion in the bankruptcy court on July 11, 2023, requesting an extension of time to file a notice of appeal. Appellants' R. Vol. V [DE 23-1] p 1; Appellees' R. Vol. I [DE 26-4] p 21. The bankruptcy court denied that motion as to Lorcon, #1 LLC and Lorcon, #4 LLC on July 31, 2023, and as to the Conways on August 7, 2023. Appellees' R. Vol. I [DE 26-4] pp 29,32. The Conways, Lorcon, #1 LLC, and Lorcon, #4 LLC also filed a motion in the district court in closed case no. 5:21-cv-00333-D requesting similar relief on July 11, 2023. [J.A. 406]. By order entered August 17, 2023, the district court entered an order construing The Conways' motion to be a notice of appeal. Order at 2, *Conway v. Palczuk*, 615 F.Supp.3d 387 (E.D.N.C. 2022) (No. 5:21-cv-00333-D), ECF No. 32 (hereinafter the "2022 Appeal").

On October 10, 2023, the Palczuks filed a motion to dismiss the 2022 Appeal. [J.A. 414]. This Court granted the motion as to Lorcon, #1 LLC and Lorcon, #4 LLC, but denied the motion as to the Conways. [J.A. 414].

## SUMMARY OF ARGUMENT

This case is a straightforward issue of statutory interpretation. The plain language of 11 U.S.C. § 523(a)(19) requires a creditor to have a judgment, order, or other decree for a debt to be excepted from discharge under the Bankruptcy Code.

Put simply, at the time the Palczuks' discharge was entered, there was no debt to the Conways which fit the criteria of § 523(a)(19), because there was no judgment creating the debt. Because there was no debt which fit within the criteria necessary to be excepted from discharge, there was no debt to the Conways excepted from discharge. The Palczuks' liability on any claim[6] held by the Conways was discharged under § 1141 at the time the discharge was entered.

The Conways' interpretation of the Bankruptcy Code language would allow creditors to try to convert a debt which did not fit any criteria for exception from discharge on the date the discharge is entered into a nondischargeable debt by commencement or continuation of litigation against a debtor—actions which are barred by the discharge injunction.

---

[6] The Bankruptcy Code defines "debt" as liability on a claim. 11 U.S.C. § 101(12).

This inconsistent reading of the Code would allow creditors to ignore the discharge injunction and litigate against debtors in perpetuity any time a creditor alleged a securities law violation. The result is particularly inequitable in this case where the creditors had notice throughout the bankruptcy case and chose not to assert or provide notice of any claim during the pendency of the case. This is contrary to the plain language of § 523(a)(19) and the "fresh start" policy underpinning the Bankruptcy Code.

## STANDARD OF REVIEW

On appeal, this Court applies the same standard of review as the district court. *Bank of N.Y. Melon Trust Co., N.A. v. Tysons Fin., LLC*, 483 Fed. Appx. 779, 784 (2012). The Court reviews the bankruptcy court's "findings of fact for clear error and conclusions of law de novo." *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001) (quoting *In re Deutchman*, 192 F.3d 457, 459 (4th Cir. 1999). A grant of summary judgment and its affirmance are reviewed de novo. *Tysons Fin.*, 483 Fed. Appx. at 784.

# ARGUMENT

All of the Conways' nine claims in the Guilford County Lawsuit were discharged in the Palczuks' bankruptcy in 2012. Despite that discharge, the Conways continue to pursue the Palczuks more than a decade later. The Conways took no action in the Palczuks' bankruptcy case to assert their claims or preserve their rights and have since attempted in several forums to pursue causes of action which are barred by the plain language of the Bankruptcy Code.

Of the nine causes of action asserted by the Conways in the state court, six could never fit the criteria of § 523(a)(19). The remaining causes of action asserting personal liability for violations of securities law, both in the Missouri Lawsuit and the Guilford County Lawsuit, are also barred by the plain language of the Bankruptcy Code.

I.    <u>The bankruptcy court correctly found that the Conways violated the Palczuks' discharge injunction.</u>

The Conways' actions against the Palczuks were made knowingly in violation of the discharge injunction entered in the Palczuks' bankruptcy. The plain language of § 523(a)(19), together with its legislative history and treatment of similar provisions in the Bankruptcy Code, establish that the Palczuks owe no debt to the Conways which was

excepted from discharge. The district court correctly held that the Conways violated the Palczuks' discharge injunction.

       a.  <u>The plain language of § 523(a)(19) bars the Conway' claims.</u>

The Conways' prosecution of claims in the Missouri Lawsuit and Guilford County Lawsuit violated the Palczuks' discharge injunction, because any alleged liability on the Conways' claims was discharged. None of the alleged debts (liability on claims) fit the criteria to be excepted from discharge under the plain language of § 523(a)(19).

Statutory analysis of the Bankruptcy Code begins "with the language of the statute itself." *Lamar, Archer & Cofrin, LLP v. Appling*, 584 U.S. 709, 715 (2018) (quoting *Ransom v. FIA Card Services, N. A.*, 562 U. S. 61, 69 (2011)). "It is well established that 'when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." *Lamie v. U.S. Trustee*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6 (2000)). A basic canon of statutory interpretation is that "[a] statute should be construed so that effect is given to all of its provisions, so that no part will be inoperative or superfluous, void or insignificant." *Marx v.*

*Gen. Revenue Corp.*, 568 U.S. 371, 392-93 (2013) (quoting *Corley v. United States*, 556 U.S. 303, 314 (2009)).

In a Chapter 11 bankruptcy, debtors receive their discharge under 11 U.S.C. § 1141. Section 1141 provides that the Court may grant a discharge to an individual debtor either after or before completion of all payments under a confirmed plan on certain conditions. 11 U.S.C. § 1141(d)(5). The discharge "operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor." 11 U.S.C. § 524(a)(2). However, a discharge under § 1141 does not discharge an individual debtor from any debt excepted from discharge under 11 U.S.C. § 523. 11 U.S.C. § 1141(d)(2). These exceptions to the discharge injunction are construed narrowly. *Rountree*, 478 F.3d at 219; *Thoennes*, 536 B.R. at 694. The exception at issue in this case, Section 523(a)(19), provides that § 1141 does not discharge an individual from a debt that:

(A) is for—

(I) the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

(ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

(B) results, before, on, or after the date on which the petition was filed, from—

(I) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;

(ii) any settlement agreement entered into by the debtor; or

(iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

The term "State" includes the District of Columbia and Puerto Rico, but is not defined under the Bankruptcy Code to include the Virgin Islands. 11 U.S.C. § 101(52).

No court, aside from this the courts below in this case, has directly analyzed the reading of §§ 1141, 524, and 523(a)(19) together and whether a complaint to obtain a judgment for securities law violations or fraud in the sale of securities can be filed post-discharge. This may be in part because many cases involving § 523(a)(19) involve a pre-petition judgment. *See, e.g. Tripodi v. Welch*, 810 F.3d 761 (10th Cir. 2016); *In re Geredine*, Adv. No. 20-4476, 2021 WL 4449228 (Bankr. E.D. Mich. Sept. 28, 2021).

The Conways cite to the case of *Berry v. Pentecost (In re Pentecost)*, in which the bankruptcy court found that it retained jurisdiction post-petition to liquidate a creditor's claim for securities law violations. 631 B.R. 481, 491 (Bankr. N.D. Okla. 2021). A review of the docket does show that the debtor was granted a discharge prior to resolution of the adversary proceeding. Order Discharging Debtor, *Berry v. Pentecost* 631 B.R. 481 (Bankr. N.D. Okla. 2021)(No. 20-10651-R). However, the court in *Pentecost* did not perform any substantive analysis of or confront the issue of obtaining a judgment post-discharge. There was simply no discussion of the issue.

In addressing § 523(a)(19) claims, other courts have delayed a debtor's discharge until a claim for violations of securities law violations can be liquidated. *See, e.g. In re Fusco*, 632 B.R. 92 (Bankr. E.D.N.Y. 2021). This is the approach which is best supported by the plain language of the Bankruptcy Code, because a judgment (or other order or decree) is required under the plain language of § 523(a)(19) for a debt to be excepted from discharge.

The Conways asserted six causes of action in the Guilford County Lawsuit which do not fit the criteria of § 523(a)(19) to be

nondischargeable regardless of when they were asserted. The Conways'
state-court complaint included claims for (1) breach of fiduciary duty, (2)
breach of the duty of loyalty and care under Virgin Islands law, (3)
constructive fraud in the management of JFOV, LLC, (4) fraudulent
concealment related to the financing and management of JFOV, LLC, (5)
negligent misrepresentation related to reporting to members of the LLC,
and (6) equitable estoppel. None of these causes of action allege violation
of Federal or State securities laws or relate to the sale of securities. Thus,
debts based on these claims cannot be excepted from discharge under
§ 523(a)(19).

In addition, even alleged debts on the Conways' claims for
violations of securities law were discharged in the Palczuks' bankruptcy.
Read together, Sections 1141, 524, and 523(a)(19) provide that a debt is
only excepted from discharge under 523(a)(19) if it results from a
judgment, order, decree, or settlement agreement prior to entry of the
discharge. Under the language in the statute, a judgment may be
obtained after the *petition date*; however, if no judgment, order, decree,
or settlement agreement is entered prior to entry of the debtor's
discharge, then a debt for securities law violations fulfills only

§ 523(a)(19)(A) and is not excepted from discharge. Section 524 then provides that the discharge bars commencement of any action to obtain a judgment.

The Conways' argument lumps § 523(a)(19) in with all other debts set forth in § 523(a), and argues that the discharge cannot apply to any debt which could be nondischargeable under § 523(a). However, the Conways fail to take into account the plain language of § 523(a)(19) requiring a judgment, which differs from the statutory language for most other debts which are excepted from discharge without a judgment. *See, e.g.,* 11 U.S.C. §§ 523(a)(1)-(10). Thus, the plain language of § 523(a)5), for instance excepts from discharge liability on a claim for a domestic support obligation regardless of whether there is an existing judgment. The same is true of certain tax debts under § 523(a)(7). No judgment is required, and thus personal liability is excepted from discharge and may be liquidated after the discharge. However, § 523(a)(19) <u>does</u> require a judgment for the debt to be excepted from discharge. Thus, under the plain language of § 523(a)(19), if no judgment exists when the discharge is entered, there is no debt created by a judgment which is excepted from the discharge injunction. The Conways interpretation of the statute

reads the distinct judgment requirement out of the discharge exception contrary to basic canons of statutory interpretation.

The Conways' reliance on the language in F. R. Bankr. P. 4007 is misplaced. Rule 4007 states that a complaint to determine dischargeability may be filed at any time. This is fundamentally different from stating that a creditor may file an action at any time to obtain a judgment for personal liability which will <u>create</u> a nondischargeable debt. The Conways do not merely seek to determine the dischargeability of a debt. If the Conways had a judgment in hand, then Rule 4007 would permit them to file an action to determine if that judgment was nondischargeable. However, the Conways seek to create a debt for personal liability resulting from a judgment to conform to § 523(a)(19) after the discharge.

Moreover, even if Rule 4007 conflicted with the plain language of the Bankruptcy Code's discharge provisions, the bankruptcy rules may not trump the Code, which does not except a debt for securities law violations from discharge unless it results from a judgment. *In re Stoecker*, 179 F.3d 546, 552 (7th Cir. 1999) (citing 28 U.S.C. § 2075; *In re Pacific Atlantic Trading Co.*, 33 F.3d 1064, 1066 (9th Cir.1994)).

b. Congressional intent in enacting § 523(a)(19) supports the plain language interpretation limiting exceptions to discharge to debts evidenced by a judgment.

The legislative history for § 523(a)(19) is limited, but shows that Congress did not (1) express any intent to allow post-*discharge* prosecution of securities law claims, or (2) intend for every claim for securities law violations to be excepted from discharge.

Unfortunately, the legislative history for the 2005 amendment to § 523(a)(19) is limited to the following:

> Sec. 1404. Debts Nondischargeable If Incurred in Violation of Securities Fraud Laws. Bankruptcy Code section 523(a)(19) makes certain debts nondischargeable that result from the violation of Federal securities law, state securities law, or any regulation or order issued under such Federal or state securities law nondischargeable. Section 1404 amends Bankruptcy Code section 523(a)(19)(B) to provide that it applies to such debts that result before, on, or after the date on which the petition was filed from any judgment, order, consent order, decree, settlement agreement, or from any court or administrative order for damages or for other specified payments owed by the debtor. Section 1404 is effective as of July 30, 2002.

H.R. Rep. 109-31, pt. 1, at 155 (2002). Courts which have looked at the legislative history have noted that the amendments added in 2005, which added the language that the debt must result from a judgment "before, on, or after the date on which the petition was filed," were drafted to

address courts' requirements for creditors to obtain a pre-*petition* judgment, *i.e.* a judgment entered before the debtor filed its bankruptcy. *See, e.g., In re Holzhueter*, 571 B.R. 812, 822 (W.D. Wisc. 2017) ("The plain language merely eliminates the temporal constraint that the judgment existed before the bankruptcy was filed."); *In re Chan*, 355 B.R. 494, 504 (Bankr. E.D. Penn. 2006) ("[T]he phrase was intended to make it clear that a debt arising under the federal securities laws or as a result of fraud in connection with the sale of a security may be determined nondischargeable under § 523(a)(19) even if the liability was not fixed prior to the *commencement* of the bankruptcy case." (emphasis added)). By adding the language "before, on, or after the date on which the petition was filed," Congress allowed creditors to seek to obtain a judgement, consent decree, settlement agreement, or other decree after the bankruptcy was filed. Notably, nothing in the language of the amendments allows the creditor to proceed <u>after discharge</u> or shows any intent of Congress to allow such a proceeding.

The legislative history for the original enactment of § 523(a)(19) as part of the Sarbanes-Oxley Act is more enlightening. In presenting the Corporate and Criminal Fraud Accountability Act of 2002, part of the

Sarbanes-Oxley Act, Senator Leahy discussed the substance of § 523(a)(19), stating:

> Current bankruptcy law may permit such wrongdoers to discharge their obligations under court judgments or settlements based on securities fraud and other securities violations. This loophole in the law should be closed to help defrauded investors recoup their losses and to hold accountable those who perpetrate securities fraud after a government unit or private suit results in a judgment or settlement against the wrongdoer.

148 Cong. Rec. S1783-01, S1787 (daily ed. Mar. 12, 2002) (emphasis added). These statements show that Congress had the intent to except debts from discharge for violations of securities laws which had been reduced to judgment or a settlement agreement. Senator Leahy goes on to state that § 523(a)(19) was enacted to address concern about state regulators having to reprove a case in bankruptcy court and the collateral estoppel effect of settlement agreements. *Id.* Likewise, in the analysis of the bill presented to Congress and printed in the Congressional Record, the section of the Sarbanes-Oxley Act which enacted § 523(a)(19) was described as follows: "Section 803 amends the Bankruptcy Code to make judgments and settlements based upon securities law violations non-dischargeable, protecting victims' ability to recover their losses." 148 Cong. Rec. S17418-01, S7419 (daily ed. July 26, 2002).

This latter language shows Congressional intent that the only debts for securities laws violations which are excepted from discharge under § 523(a)(19) are those that have been reduced to a judgment or settlement. Nowhere does Congress use language which shows an intent to give creditors unlimited time to obtain a judgment. Moreover, Congress' concern about collateral estoppel effect of prior orders or state regulators having to reprove cases in bankruptcy court are in no way served by allowing creditors to pursue post-discharge legal actions after the bankruptcy case has been closed. The plain-language interpretation of § 523(a)(19) requiring a judgment to be entered before discharge is consistent with Congress' intent in enacting the statute.

    c. <u>Courts addressing a similar provision in the Bankruptcy Code requiring a judgment have delayed discharge when necessary to determine a claim which might be nondischargeable.</u>

Courts facing a similar question of statutory interpretation of the pre-1990 version of § 523(a)(9) delayed entering a debtor's discharge in order to allow creditors to obtain a judgment. This action supports the interpretation that a debt is discharged if it is not reduced to a judgment when the Bankruptcy Code requires a judgment as an element of nondischargeability.

Prior to 1990, § 523(a)(9) excepted from discharge a debt:

> to any entity, to *the extent that such debt arises from a judgment or consent decree* entered in a court of record against the debtor wherein liability was incurred by such debtor as a result of the debtor's operation of a motor vehicle while legally intoxicated under the laws or regulations of any jurisdiction within the United States or its territories wherein such motor vehicle was operated and within which such liability was incurred

*In re Hudson*, 859 F.2d 1418, 1420 (9th Cir. 1988) (emphasis added).

Courts confronting debts which would otherwise be nondischargeable under § 523(a)(9), but had not been reduced to judgment delayed entry of a debtor's discharge in order to allow for reduction to judgment. *See, e.g., In re Straup*, 90 B.R. 481, 483 (D. Utah 1988) ("A bankruptcy court should grant relief from the automatic stay in order to enable an injured party to obtain a judgment or consent decree regarding a debt arising from the debtor's use of a motor vehicle while intoxicated. Thus, the court can insure that debts arising from drunk driving are nondischargeable in bankruptcy."); *In re Jones*, 80 B.R. 974, 975 (W.D. Miss. 1987) (noting that the bankruptcy court delayed entry of the debtor's discharge pending determination of a lawsuit resulting from a car accident); *see also In re Weilein*, 319 B.R. 175, 178 (N.D. Iowa 2004) (quoting Prof. G. Ray Warner, Accounting Reform Law Adds Broad Securities Fraud Discharge

Exception, 21–SEP Am. Bankr. Inst. J. 6, 44 (2002)) ("The courts often lifted the automatic stay and delayed discharge until a judgment could be obtained.").

The actions of the courts in these cases indicate that the courts viewed debts arising from drunk driving accidents as dischargeable unless they were reduced to judgment prior to entry of the debtor's discharge. A similar approach is warranted by the language in § 523(a)(19).

The Conways also cite *Hudson*, pointing out that the Ninth Circuit concluded that the language in the former § 523(a)(9) did not require a pre-petition judgment, i.e. a reduction to judgment before a bankruptcy was filed. The Ninth Circuit held that such an outcome would be contrary to the intent of Congress, because Congress could not have intended that victims of drunk drivers be forced to race to the courthouse before a bankruptcy could be filed. *Hudson*, 859 F.2d at 1423. However, in making this argument, the Conways fundamentally misconstrue Appellants' interpretation of § 523(a)(19). The Conways' argument regarding § 1328(a)(4) suffers from the same misconception.

Appellants do not contend that a judgment for a securities law violation must be filed prior to a bankruptcy being filed. To the contrary, the 2005 amendment to § 523(a)(19) was added specifically to avoid that circumstance. However, because of the plain language of § 523(a)(19), victims of securities fraud who believe they have a debt which might be nondischargeable do have to reduce that debt to judgment, consent decree, settlement agreement, or other decree before a <u>discharge</u> is entered. Bankruptcy courts may delay the entry of discharge to accommodate claimants, similar to the courts addressing claims under the former § 523(a)(9).

## CONCLUSION

This Court should affirm the decision of the district court, which correctly held that the Conways violated the Palczuks' bankruptcy discharge injunction. The Conways have no judgment against the Palczuks, and took no action to pursue any claims against the Palczuks either before or during their bankruptcy case. Instead, the Conways waited until years after the Palczuks received their discharge to try to obtain a judgment to create a nondischargeable debt under § 523(a)(19). The Bankruptcy Code does not allow them to do so.

## STATEMENT REGARDING ORAL ARGUMENT

Appellants John and Karen Palczuk respectfully submit that oral argument in this case is not necessary. While there are no other cases directly on point, this is a straightforward case of statutory interpretation.

This the 10th day of April, 2025.

**STEVENS MARTIN VAUGHN & TADYCH, PLLC**

/s/ Kathleen O'Malley
Kathleen O'Malley
N.C. State Bar No. 51654
komalley@smvt.com
2225 W. Millbrook Road
Raleigh, NC 27612
Telephone: (919) 582-2300
Facsimile: (866) 593-7695

*Counsel for Appellees*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(i), because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 6,918 words. This document complies with the typeface requirements of requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Century Schoolbook.

/s/ Kathleen O'Malley
Kathleen O'Malley